UNITED STATES of America, Appellee,

v.

Alexander GAUS, Jr., Appellant.

No. 84–2299.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1984.

Decided Jan. 9, 1985.

Alexander Gaus, pro se.

Lynn E. Crooks, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Alexander Gaus, Jr. appeals from an order of the district court[1] dismissing his petition filed pursuant to 28 U.S.C. § 2255. We affirm.

Appellant had been convicted of eight separate counts of transporting stolen goods in violation of 18 U.S.C. § 2314. On direct appeal this court vacated the judgment of conviction on count one and counts four through eight, *United States v. Gaus*, 732 F.2d 161 (8th Cir.1984), finding that the indictment had improperly aggregated the jurisdictional amount as to these counts. *See United States v. Lagerquist*, 724 F.2d 693 (8th Cir.1984) (each count of multiple count indictment must allege jurisdictional amount). We, however, affirmed his conviction as to counts two and three, noting that the indictment as to these counts alleged the jurisdictional amount.

Appellant filed a § 2255 petition, challenging the sufficiency of the indictment and the evidence as to counts two and three. The district court correctly dismissed appellant's petition without an evidentiary hearing. Because his sufficiency of the indictment claim has been decided adversely to appellant on his direct appeal, he cannot relitigate the claim in a § 2255 action. *See Anderson v. United States*, 619 F.2d 772, 773 (8th Cir.1980) (per curiam). Furthermore, "[g]enerally, an alleged insufficiency of the evidence is not a ground for relief under § 2255." *United States v. Johnson*, 582 F.2d 1186, 1188 (8th Cir.1978) (per curiam). In any event, we find sufficient evidence to support appellant's conviction as to counts two and three.

Accordingly, the judgment of the district court is affirmed.[2]

---

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

2. On appeal appellant also alleges that the government suppressed certain documents. Assuming that this issue is properly before the court, we find it to be without merit. In his brief appellant concedes that the documents he claims the government withheld were in 'fact furnished to him and to his counsel prior to trial.