**UNITED STATES of America, Appellee,**

v.

**Roosevelt Theodore BECTON, Appellant.**

No. 86–1432.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1987.

Decided May 1, 1987.

Rehearing Denied June 2, 1987.

Robert C. Babione, St. Louis, Mo., for appellant.

Michael W. Reap, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ROSS, Circuit Judge.

Appellant, Roosevelt Theodore Becton, was convicted of participation in a continuing criminal enterprise (CCE), 21 U.S.C. § 848 (one count), violation of the Travel Act, 18 U.S.C. § 1952 (two counts), and possession of cocaine, 21 U.S.C. § 844 (one count). For the CCE offense, appellant was sentenced to a twenty-five year term of imprisonment without parole and a $25,000 fine. For the two Travel Act counts, he received two five year prison terms consecutive to each other but concurrent with the CCE sentence, as well as a fine of $10,000 on each count. For the possession offense, appellant was sentenced to one year of imprisonment consecutive to the Travel Act terms but concurrent with the CCE sentence, as well as a $5,000 fine.

On appeal to this court, we reversed and vacated one of appellant's Travel Act convictions. *See United States v. Becton*, 751 F.2d 250 (8th Cir.1984), *cert. denied*, 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985). Accordingly, we "remand[ed] the case to the trial court for an appropriate adjustment of the sentence." *Id.* at 255–56. We also stated:

> With regard to Becton's sentence, however, we observe that our vacation of one of the Travel Act convictions may be a factor for the district court to take into account should the defendant seek reconsideration of the sentence under Fed.R. Crim.P. 35.

*Id.* at 257–58.

On remand, appellant moved for reduction of sentence, FED.R.CRIM.P. 35. The district court adjusted appellant's sentence by reducing his fine from a total of $50,000 to $40,000 and by vacating the five year sentence for the vacated Travel Act conviction. On appeal, appellant contends that the twenty-five year term on the CCE count should have been reduced. He challenges the district court's refusal to do so as irrational and the sentence itself as excessive and disproportionate to sentences imposed on others convicted of the same or similar offenses. We affirm.

▮ The maximum allowable sentence for a CCE offense is life imprisonment, a fine of up to $100,000, forfeiture of certain assets and no parole. 21 U.S.C. § 848. Appellant's sentence is well below the maximum, and a sentence which falls within the statutory limits will not be disturbed unless the sentencing court abused its discretion. *United States v. Garcia*, 785 F.2d 214, 227 (8th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986).

▮ While this appeal might have been avoided had the district judge indicated his reasons for declining to reduce the twenty-five year term, sentencing decisions by a district court must be reviewed on the basis of abuse of discretion. *Id.* at 227–28. We find none here. Moreover, appellant was convicted of serious crimes.

As for appellant's challenge to his sentence as disproportionately severe, we have consistently held that mere variation in sentencing among coparticipants in a criminal transaction does not provide a basis for resentencing. *Id.* at 228. *See also United States v. Lewis*, 759 F.2d 1316, 1334–35 (8th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 406–07, 88 L.Ed.2d 357 (1985), in which we upheld a sentence of life imprisonment for a CCE offense. We reasoned in *Lewis* that the CCE statute is addressed to largescale drug trafficking. Thus while sentences for CCE offenses may properly be compared with each other for purposes of evaluating disproportionate severity, "[c]omparison between sentences under different statutes may be valuable in other cases, but not in the CCE context." *Id.* at 1334. Furthermore, a CCE sentence of life in prison is not disproportionate to CCE sentences nationwide, *id.* at 1335, and appellant's sentence, while perhaps harsh, was not as severe as that imposed in *Lewis*. Accordingly, we affirm the judgment of the district court.

BRIGHT, Senior Circuit Judge, concurring.

I concur because I believe that we are foreclosed from overruling Becton's sentence as an abuse of discretion by the district court. I add some additional comments.

Although Congress has imposed a "no parole" condition upon the sentences of defendants convicted of conducting a continuing criminal enterprise and has authorized severe sentences for that offense, twenty-five years is a very long prison sentence for any offender where there is hope for rehabilitation. The record in the proceedings for reduction of Becton's sentence indicates that responsible persons in the St. Louis community believe that Becton possesses many good qualities and that his rehabilitation is not out of the question. The district court apparently rejected those citizen comments out of hand, and, as is noted in the majority's opinion, gave no reasons for its adherence to the initial prison sentence though.

The reversal of one count of Becton's conviction formed a basis for some reduction of his sentence. It is fair to infer that conviction on this count was an important element in the imposition of the initial twenty-five year sentence in addition to the $50,000 fine, reduced by $10,000 when this court was reversed. I believe that the record discloses good reason for some sentence reduction as a matter of the district court's sound discretion. Although we do not reverse upon issuance of our mandate here, the district court might well review the record and reconsider whether Becton, now forty-two years of age, shall be a prisoner until the age of sixty-seven (less his entitlement, if any, to "good time" credit).