UNITED STATES of America, Appellee,

v.

**Robert Kent SMITH, Appellant.**

**Nos. 87–2319, 87–2320.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1988.

Decided April 7, 1988.

Rehearing and Rehearing En Banc
Denied May 20, 1988.

Robert Kent Smith, pro se.

Steven A. Muchnick, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Robert Kent Smith appeals *pro se* from final orders entered in the District Court[1] for the Eastern District of Missouri denying his 28 U.S.C. § 2255 motion to set aside, vacate or correct his sentence, and

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

his motion under Fed.R.Crim.P. 35(a) to reduce or modify his sentence. We affirm.

On February 28, 1985, appellant was charged by indictment with two counts of possession of counterfeit United States currency, two counts of attempting to pass and sell counterfeit United States currency, in violation of 18 U.S.C. § 472, and one count of conspiracy to manufacture, possess and pass counterfeit United States currency, in violation of 18 U.S.C. § 371.

On August 16, 1985, a jury found appellant guilty on all five counts of the indictment. On count I, appellant was sentenced to ten years imprisonment. The court suspended imposition of sentence on count II and placed appellant on probation for a period of five years commencing upon the completion of the prison sentence. On counts III and IV, appellant was sentenced to two terms of ten years to run concurrently with each other and with the sentence imposed on count I. On count V, the court imposed a five-year sentence to run concurrently with the sentences imposed in counts I, III and IV.

On direct appeal, appellant's only challenge was that four statements made during trial prejudiced the jury, thereby denying him a fair trial. The first three instances involved statements made by the prosecutor, and the fourth concerned the examination of a secret service agent. The convictions were affirmed in *United States v. Smith*, 815 F.2d 711 (8th Cir.1987) (per curiam), wherein this court noted that the evidence was more than sufficient to convict appellant.

On May 14, 1987, appellant filed a *pro se* motion for reduction or modification of sentence pursuant to Fed.R.Crim.P. 35(a). Specifically, he alleged that he was denied (1) the opportunity to reveal inaccuracies and distortions in the presentence investigation report (PSI), and (2) effective assistance of counsel, because his attorney failed to reveal the PSI inaccuracies and did not review and discuss the PSI with him.

On June 25, 1987, while the Rule 35 motion was pending, appellant filed a *pro se* motion under § 2255, claiming that there were numerous acts of prosecutorial mis-

conduct, including the failure to disclose favorable evidence as required by *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). In addition, appellant asserted various allegations of ineffective assistance of counsel at trial and on appeal, including the failure to challenge (1) the indictment which allegedly was multiplicitous, subjecting appellant to double jeopardy, and (2) the sufficiency of the evidence with regard to his convictions for attempt and conspiracy to pass counterfeit currency.

Appellant's § ·2255 motion was denied on September 14, 1987, for the reasons that (1) his conclusory allegation that the prosecutor failed to disclose material evidence was insufficient to support setting aside the conviction, and (2) under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (*Strickland*), appellant was not prejudiced by his counsel's performance either before or during trial. *United States v. Smith*, No. 87–1185–C(4) (E.D.Mo. Sept. 14, 1987).

Appellant's Rule 35 motion was denied on September 17, 1987. The district court averred that the information alluded to by appellant in his supporting memorandum had no substantive effect on the sentence imposed. *United States v. Smith*, No. 85–49–CR(4) (E.D.Mo. Sept. 17, 1987).

On September 22, 1987, appellant filed a motion for reconsideration of the order denying his § 2255 motion which was overruled on September 24, 1987. These timely appeals followed in which appellant essentially reasserts the claims raised below.

■■■ Generally, § 2255 relief is not available to correct errors that could have been raised at trial or on direct appeal, unless the alleged errors are "fundamental defects that inherently result in a complete miscarriage of justice." *United States v. Manko*, 772 F.2d 481, 482 (8th Cir.1985) (per curiam). Furthermore, where the sufficiency of the evidence is decided on direct appeal, review of the issue in a § 2255 motion is precluded. *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir.1981) (per curiam).

1150

Ineffective assistance of counsel is a cognizable claim under § 2255. *See, e.g., Kimmelman v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). The standard of review is highly deferential. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. We have carefully reviewed the record, including the transcript of the sentencing hearing, and conclude that the district court properly denied appellant's § 2255 and Rule 35 motions. Accordingly, the judgments of the district court are affirmed.