**Robert Kent SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 89–2819.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 19, 1990.

Decided March 28, 1990.

Rehearing and Rehearing En Banc Denied May 11, 1990.

Robert Kent Smith, pro se.

Steve Muchnick, St. Louis, Mo., for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

PER CURIAM.

Robert Kent Smith appeals pro se from the order of the District Court[1] for the Eastern District of Missouri denying his successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Smith also has requested this court to reconsider its February 6, 1990 order denying his motion for recusal. We affirm the order of the district court and deny Smith's motion for reconsideration. Motions for reconsideration must be filed within ten days of the order's entry. 8th Cir.R. 5(e). Smith's March 8, 1990 motion is therefore not timely.

In 1985 Smith was convicted of five counts of counterfeit-related charges in violation of 18 U.S.C. §§ 371 and 472. He was sentenced to an aggregate term of ten years imprisonment and five years probation. The convictions were affirmed on direct appeal. *Smith v. United States,* 815 F.2d 711 (8th Cir.1987) (unpublished per curiam) (table). In 1987 Smith pro se filed

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

his first § 2255 motion, asserting numerous claims of prosecutorial misconduct and ineffective assistance of counsel. The district court denied Smith's motion, and the decision was affirmed on appeal. *United States v. Smith*, 843 F.2d 1148 (8th Cir. 1988) (per curiam).

On August 12, 1988, Smith filed the instant § 2255 motion again raising numerous grounds for relief. The district court denied the motion on the ground that Smith's present claims of prosecutorial misconduct and ineffective assistance had been raised in his first § 2255 motion and denied on the merits. *See* Habeas Rule 9(b). With regard to Smith's claims of a deficient indictment and double jeopardy, the court stated that while there was a question as to whether the claims had previously been denied on the merits, they did not constitute an appropriate basis for relief. The district court rejected Smith's assertion that a crime charged in one count could not be considered an overt act in a conspiracy count. *See United States v. Riebold*, 557 F.2d 697, 700 (10th Cir.), *cert. denied*, 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed.2d 133 (1977); *United States v. Bayer*, 331 U.S. 532, 542, 67 S.Ct. 1394, 1399, 91 L.Ed. 1654 (1947).

In this timely appeal, Smith reasserts the merits of his § 2255 claims. He also argues that the district court failed to conduct a de novo review and did not read the entire trial transcript and that the district court erroneously denied his request for an evidentiary hearing on his claim that the government presented perjured testimony at trial.

We agree with the district court's reasoning that Smith is not entitled to § 2255 relief. Moreover, we note that all claims either were or could have been raised in Smith's original motion, thus rendering the instant motion an abuse of the § 2255 procedure. *See* Habeas Rule 9(b).

Accordingly, the district court order is affirmed.