947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert DANIEL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6055.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Daniel was indicted with codefendants Robert Winfred Call and Rodney Dean Davis. The first count of the indictment, the RICO count, charged Daniel with conducting an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c), and alleged five predicate acts: two separate acts of conducting an illegal gambling business, in violation of 18 U.S.C. § 1955; one act of arson-related mail fraud in violation of Tenn.Code Ann. § 39-3-302 (1982) and 18 U.S.C. § 1341; one act of solicitation to commit arson in violation of Tenn.Code Ann. § 39-3-202 (1982); and one act of soliciting to commit the first degree murder of Tennessee District Attorney General Jim Horner in violation of Tenn.Code Ann. § 39-1-401 (1982). The remaining counts of the indictment charged Daniel as follows:
 
 
 3
 COUNT 2: Arson-related mail fraud, in violation of 18 U.S.C. § 1341, in connection with the burning of a mobile home belonging to Daniel's girlfriend.
 
 
 4
 COUNT 3: Conspiracy to commit arson involving the "Grand Central Station" nightclub, in violation of 18 U.S.C. § 371.
 
 
 5
 COUNT 4: Arson involving the Grand Central Station nightclub, in violation of 18 U.S.C. § 844(i).
 
 
 6
 COUNT 5: Arson-related mail fraud, in violation of 18 U.S.C. § 1341, in connection with the burning of the Grand Central Station nightclub.
 
 
 7
 COUNT 6: Conducting an illegal gambling business in violation of 18 U.S.C. § 1955.
 
 
 8
 COUNT 7: Conspiracy to commit arson involving "The Store," in violation of 18 U.S.C. § 371.
 
 
 9
 COUNT 8: Solicitation of another to commit arson involving The Store, in violation of 18 U.S.C. § 373.
 
 
 10
 On April 29, 1985, the jury returned a verdict of guilty on all counts but Count 2 (arson-related mail fraud). As to Count 1, the RICO count, the jury found that Daniel had committed all five charged predicate acts. Daniel was sentenced to a total of 13 years imprisonment. His convictions were affirmed on appeal. See United States v. Daniel, No. 85-5814, unpublished op. (6th Cir. August 8, 1986) (per curiam). On August 27, 1987, pursuant to Fed.R.Crim.P. 35, the sentencing court reduced Daniel's sentence from 13 years to 10 years imprisonment.
 
 
 11
 In support of his motion to vacate sentence, Daniel alleged the following:
 
 
 12
 1. ineffective assistance of counsel;
 
 
 13
 2. the trial court failed to observe Fed.R.Crim.P. 32(c)(3)(D); and
 
 
 14
 3. improper, selective and vindictive prosecution by the government regarding defendant's prosecution for illegal gambling devices.
 
 
 15
 The district court denied the motion after concluding that all of Daniel's claims lacked merit. Daniel is no longer in custody.
 
 
 16
 On appeal, Daniel argues that his conviction was obtained by the government's use of perjured testimony of two witnesses, Rodney Davis and Robert Call, and that the government knew or should have known of the perjurious nature of their testimony. This claim was not raised in the district court.
 
 
 17
 Upon review, we affirm the district court's judgment. Daniel's failure to raise his present claim in the district court forecloses this court's consideration of that claim. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990).
 
 
 18
 Even if we were to take cognizance of Daniel's claim, review of that claim in a § 2255 motion is precluded. Daniel basically argues that his conviction on all counts was supported substantially by the perjured testimony of Call and Davis. Daniel's claim is essentially a contention that the evidence was insufficient to support the conviction. This issue was decided on Daniel's direct appeal. In the decision on that issue, this court stated:
 
 
 19
 Defendant makes a perfunctory argument in his brief on appeal that no reasonable juror could find defendant guilty beyond a reasonable doubt. We have recited at some length evidence that a reasonable jury might well believe defendant's involvement and participation in the offenses charged. There is no basis for this contention.
 
 
 20
 See Daniel, No. 85-5814, unpublished op. at 15. "[W]here the sufficiency of the evidence is decided on direct appeal, review of the issue in a § 2255 motion is precluded." See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir.1988). Moreover, Daniel has made no showing that the government knew any of the testimony was perjured.
 
 
 21
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation