948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Arnold GIBSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5983.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1991.
 
 1
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1989, Jack A. Gibson pleaded guilty to four offenses: (1) driving under the influence of an intoxicant in violation of 16 U.S.C. § 3 and 36 C.F.R. § 4.23(a); (2) driving on a revoked license in violation of 16 U.S.C. § 3, 36 C.F.R. § 4.2, and Tenn.Code Ann. § 55-10-616; (3) refusal to submit to a blood alcohol test in violation of 16 U.S.C. § 3 and 36 C.F.R. § 4.23(c)(2); and (4) refusal to yield to an emergency vehicle in violation of 16 U.S.C. § 3, 36 C.F.R. § 4.2, and Tenn.Code Ann. §§ 55-8-132 and 55-8-102. The offenses arose out of Gibson's drunken driving spree in the Great Smoky Mountains National Park. Gibson proceeded to a jury trial on a remaining count of assault with a dangerous weapon with intent to cause bodily injury without just cause or excuse under 18 U.S.C. § 113(c). The jury convicted Gibson. The district court sentenced Gibson to 48 months in prison for the assault conviction. The court also imposed consecutive sentences of six months for each of the other four guilty plea offenses, resulting in a final sentence of 72 months. Gibson's convictions were affirmed on appeal. See United States v. Gibson, 896 F.2d 206 (6th Cir.1990).
 
 
 4
 In support of his motion to vacate sentence, Gibson alleged that the government failed to prove intent in the trial on the assault offense and that the district court erred in refusing to direct a verdict in favor of Gibson. He also asked that all sentences be served concurrently.
 
 
 5
 The district court denied the motion after concluding: (1) that Gibson could not use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal; and (2) that Gibson's insufficiency of evidence claim was not a cognizable ground for relief under § 2255. Alternatively, the court concluded that Gibson's failure to include his allegations in his prior § 2255 motion constituted an abuse of the procedure under 28 U.S.C. § 2255.
 
 
 6
 Upon review, we affirm the district court's order denying Gibson's motion to vacate sentence. Because Gibson's claims were decided adversely to him on his direct appeal, he cannot relitigate the claims in a § 2255 action. See United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir.1985) (per curiam). Furthermore, "where the sufficiency of the evidence is decided on direct appeal, review of the issue in a § 2255 motion is precluded." See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir.1988).
 
 
 7
 Accordingly, the district court's order should be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation