972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Charles Bruce NABORS, Appellant.
 No. 91-3252.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 8, 1992.
Filed: August 17, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Charles Bruce Nabors appeals from the denial of his petition for writ of habeas corpus brought under 28 U.S.C. § 2255 (1988). He argues that the district court[1] erred in rejecting his claims that (1) the government denied his rights under the Fifth and Sixth Amendments because it did not serve him with the correct indictment until the last day of his trial, and (2) he was denied effective assistance of counsel at both the trial and appellate levels.
 
 
 2
 Nabors also claims that he was not given a full and fair hearing below. We affirm the denial of the writ.
 
 
 3
 Nabors was convicted of bank robbery by means of a deadly weapon and conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 2113(d) and 371 (1988), and was sentenced to a total of 18 years' imprisonment. We affirmed the conviction in United States v. Nabors, 762 F.2d 642 (8th Cir. 1985). One of Nabors' main arguments on direct appeal involved discrepancies between the indictment in Nabors' possession, and the signed indictment in the court file, which Nabors saw for the first time on the last day of trial. Id. at 646-47. Nabors' copy contained four overt acts in the conspiracy count, while the court copy, which the government was using at trial, contained five. Id. Nabors immediately moved for dismissal of the indictment and for a mistrial, but the district court determined that the defect could be cured by striking the fifth overt act from the indictment and by giving the jury a cautionary instruction. Id. at 647. We held that no prejudice had resulted from the discrepancy, as the district court took the proper remedial action to cure the error. Id. at 647-48.
 
 
 4
 Nabors then filed a motion under 28 U.S.C. § 2255. The district court referred the case to a United States magistrate judge, who held an evidentiary hearing, made proposed findings and recommendations, and concluded that Nabors' petition should be dismissed. After further proceedings that are not germane to this appeal, the district court fully adopted the magistrate judge's report and denied the writ. This appeal followed.
 
 I.
 
 5
 Nabors' first argument, that he was denied his rights under the Fifth and Sixth Amendments because he was not served with the correct indictment until the last day of his trial, has been decided by this court on direct appeal. Nabors, 762 F.2d at 646-48. Our case law is clear that a habeas petitioner under section 2255 may not raise issues that have already been decided on direct appeal. E.g., United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam); United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir. 1985) (per curiam). We therefore reject this argument without discussion.
 
 II.
 
 6
 Nabors next argues that he was denied effective assistance of counsel at both the trial and appellate levels. Specifically, he claims that his counsel failed to adequately contest the indictment issue at trial, and therefore did not preserve the issue for appeal. He also argues that counsel failed to investigate and discover two alibi witnesses for trial. To prove his claims, Nabors must establish both that his counsel performed incompetently, and that prejudice resulted from the incompetence. Strickland v. Washington, 466 U.S. 668, 691-96 (1984).
 
 
 7
 Counsel for Nabors did not perform deficiently in handling the indictment issue at trial or on appeal. Upon discovering a discrepancy between the two indictments during the Assistant United States Attorney's closing argument, Nabors' counsel immediately requested a bench conference and moved for dismissal of the indictment and for a mistrial. That counsel properly preserved the indictment issue for trial is evidenced by this court's ruling on the merits of the issue. See Nabors, 762 F.2d at 646-48.
 
 
 8
 Regarding the alibi witness issue, Nabors' counsel testified at the evidentiary hearing that when he repeatedly questioned Nabors about alibi witnesses, Nabors failed to name any. The attorney who represented Nabors' brother John, a co-defendant in Nabors' trial, corroborated this testimony. Although Nabors and one of his witnesses claimed during the hearing that Nabors did tell counsel about potential alibi witnesses, the magistrate judge accepted Nabors' counsel's testimony to the contrary. Credibility determinations are factual findings that demand great deference, and we will not overturn them unless clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573, 575 (1985); Maasen v. Lucier, 961 F.2d 717, 719 (8th Cir. 1992) (per curiam).
 
 
 9
 Nabors has failed to show that his attorney was ineffective under Strickland. The district court did not err in rejecting Nabors' claim of ineffective assistance of counsel.
 
 III.
 
 10
 Finally, Nabors argues that he did not receive a fair and adequate hearing below. He asserts that (1) his trial counsel was not thoroughly questioned about his knowledge of a certain alibi witness, and (2) he was not allowed to offer testimony that he wanted to use a different trial strategy than what counsel employed. This argument also fails. After the magistrate judge made his proposed findings and recommendations, Nabors asked the district court to allow for an expansion of the record, based upon claims similar to the ones here. The district court denied the request, finding that "the matters for which amplification is sought ... were thoroughly developed at the hearing and petitioner has not shown why he should be permitted to relitigate these issues." United States v. Nabors, Nos. LR-CR-84-51, LR-C-88-270, slip op. at 2 (E.D. Ark. July 26, 1991). In light of the fact that the district judge read the entire hearing transcript and file, we cannot conclude that it erred in its determination.
 
 
 11
 We affirm the district court's denial of the writ.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas