976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Ray HODGES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3330.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1992.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Donald Ray Hodges appeals a district court order dismissing his motion to vacate filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Hodges pleaded guilty to conspiracy to distribute cocaine, using a firearm in relation to a drug trafficking crime, and assaulting federal agents. The district court determined that Hodges was a career offender and sentenced him to 210 months imprisonment. This court affirmed his conviction on direct appeal.
 
 
 3
 Hodges then filed a motion to vacate pursuant to 28 U.S.C. § 2255. Over Hodges's objections, the district court adopted the magistrate judge's report and recommendation, determined that Hodges's claims were meritless, and dismissed the case. Hodges has filed a timely appeal. In his brief, he requests the appointment of counsel.
 
 
 4
 Initially, we note that Hodges only objected to the magistrate judge's recommendation concerning Hodges's status as a career offender under the sentencing guidelines. Therefore, appellate review of his other issues is waived. See Thomas v. Arn, 474 U.S. 140, 155 (1985). Furthermore, Hodges does not raise these other issues on appeal and, therefore, they are considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 5
 Additionally, we note that this court previously addressed Hodges's career offender status claim in his direct appeal. Where an issue raised in a § 2255 motion has already been addressed on direct appeal, review of the issue in the § 2255 motion is precluded, unless the plaintiff can show an intervening change of law. See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir.1988) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam); Stephan v. United States, 496 F.2d 527, 528 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). As Hodges has made no such showing in this case, review of his career offender status claim is precluded.
 
 
 6
 Nonetheless, we determine that the district court properly dismissed Hodges's motion on the merits. To prevail under § 2255, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Hodges has failed to make such a showing.
 
 
 7
 Accordingly, we deny Hodges's request for counsel and affirm the judgment for the reasons set forth in the magistrate judge's report and recommendation filed on January 3, 1992 and in the district court's order filed on March 23, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.