983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Edward HATCHER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5857.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Thomas Edward Hatcher was convicted by a jury of conspiracy to distribute and possession with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846 (Count 1), using a communication facility to facilitate a violation of the federal narcotics statutes in violation of 21 U.S.C. § 843(b) (Count 2), carrying a firearm during and in relation to a violation of the federal narcotics statutes in violation of 18 U.S.C. § 924(c)(1) (Count 3), and possessing two unregistered machine guns and a rifle with a silencer in violation of 26 U.S.C. §§ 5861(d) and 5871 (Count 4). Hatcher was sentenced to prison terms of seventy-five months on Count 1, twenty-four months on Count 2, and thirty-six months on Count 4, to be served concurrently. Hatcher also received a five year sentence on Count 3 to be served consecutively to the three concurrent sentences. Hatcher's convictions were affirmed on appeal. See United States v. Hatcher, No. 89-5454, unpublished op. (6th Cir. Jan. 8, 1990).
 
 
 3
 Hatcher filed the instant motion pursuant to 28 U.S.C. § 2255 on May 4, 1992. In support of that motion, he alleged: 1) that his conviction was obtained by use of evidence pursuant to an unlawful arrest; 2) that possession of unregistered firearms (rifles) was an illegal charge as he was not in possession; 3) that his constitutional rights were violated in that he was illegally charged with crimes against the United States; and 4) that criminal history points were added to his sentence for a silencer for which he was not charged or convicted. Ground one was based on Hatcher's contention that the government failed to prove the existence of a conspiracy. Grounds two and three were based on Hatcher's contention that the government failed to prove his possession of unregistered firearms.
 
 
 4
 The district court denied the motion after concluding that Hatcher could not use a § 2255 proceeding to relitigate the first three issues which were decided adversely to him on direct appeal. Alternatively, the court held that Hatcher's failure to include his allegations in his prior § 2255 motion constituted an abuse of the procedure under 28 U.S.C. § 2255. The court further held that the fourth allegation was contradicted by the Presentence Report and Worksheet.
 
 
 5
 Initially, we note that the only error Hatcher raises on appeal is the district court's finding that the § 2255 allegations concerning the existence of a conspiracy and the possession of the unregistered firearms were specifically considered and rejected by this court on direct appeal of his criminal case. He does not appeal the district court's dismissal of his claim that criminal history points were unlawfully added to his sentence for the presence of the silencer. Therefore, this claim is considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we affirm the district court's order denying Hatcher's motion to vacate sentence. Because Hatcher's claims were decided adversely to him on his direct appeal, he cannot relitigate the claims in a § 2255 action. See United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir.1985) (per curiam). Furthermore, "[w]here the sufficiency of the evidence is decided on direct appeal, review of the issue in a § 2255 motion is precluded." See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir.1988).
 
 
 7
 Accordingly, the district court's order is be affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.