986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES Of AMERICA, Appellee,
v.
Wilson Paul PERKINS, Appellant.
 No. 92-3401.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 20, 1993.
Filed: January 28, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Wilson Paul Perkins appeals the district court's[1] denial of his request for relief under 28 U.S.C. § 2255. We affirm.
 
 
 2
 Perkins pleaded guilty to two counts of credit card fraud and one count of wire fraud. The Guidelines range for Perkins's crimes was 30-37 months. The district court departed upward and sentenced him to 84 months imprisonment. Perkins appealed his sentence and we affirmed. United States v. Perkins, 929 F.2d 436 (8th Cir. 1991). We agreed with the district court that "Perkins' crimes entailed aggravating circumstances which were not taken into consideration by the Guidelines and thus warranted an upward departure." Id. at 438.
 
 
 3
 Perkins filed this motion requesting a reduction in sentence on the grounds that he has been a cooperative prisoner, his repeated failure to complete a term of probation or parole and the psychological injury to the victim were not grounds for an upward departure, his sentence is grossly disproportionate, and he should have been awarded a three-level reduction for acceptance of responsibility.
 
 
 4
 We rejected Perkins's challenge to the district court's upward departure in his direct appeal. Perkins, 929 F.2d at 437-38. Thus, Perkins cannot relitigate the issue. See United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam). Perkins's claims of disproportionate sentencing and acceptance of responsibility are not cognizable in this section 2255 proceeding because he could have raised them on direct appeal and they are not fundamental defects resulting in a miscarriage of justice. See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988) (per curiam) (section 2255 relief is not available to correct errors that could have been raised on direct appeal unless errors are fundamental defects causing complete miscarriage of justice). Perkins's remaining arguments lack merit.
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas