992 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Aaron WILEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-6373.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before MERRITT, Chief Judge, and KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Robert Aaron Wiley, a federal prisoner proceeding pro se, appeals from the order of the district court denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Aaron Wiley was tried to a jury and found guilty of conspiracy and distribution of marijuana, and use of a firearm in connection with the distribution of marijuana. He was sentenced to serve 93 months imprisonment and ordered to pay $6,150. His convictions were affirmed on appeal. United States of America v. Robert Holley, Robert Aaron Wiley, and Pamela Mechelle Scholes, Nos. 89-6516, 89-6520, 89-6517 (6th Cir. November 1, 1990) (unpublished).
 
 
 3
 On appeal from the district court's denial of his motion to vacate sentence, Wiley reasserts that he was denied his right to effective assistance of counsel; that the evidence at trial was insufficient to convict; and that the charges and the defendants were improperly joined for trial. Wiley requests that counsel be appointed to represent him. He does not, however, request oral argument, and the government affirmatively waives oral argument.
 
 
 4
 Upon review, we find no error. The record is devoid of any evidence that defense counsel's performance was in any way deficient, or that any alleged deficiency in counsel's performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 5
 Wiley argues that the evidence was insufficient to support a conviction on any of the counts against him. This court has already determined that the evidence was sufficient to support a conviction on all counts and Wiley is not entitled to relitigate the issue. Where the sufficiency of the evidence is decided on direct appeal, review of the issue in a § 2255 motion is precluded. United States v. Smith, 843 F.2d 1148, 1149 (8th Cir.1988); United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir.1985) (per curiam).
 
 
 6
 Finally, we find no error in the joinder of defendants or issues for trial. Inasmuch as this court has determined that Wiley and his co-defendants participated in the same act or transaction, defendants were properly joined under Fed.R.Crim.P. 8(b), and Wiley has failed to establish prejudice that would require a district court to take action under Fed.R.Crim.P. 14.
 
 
 7
 Accordingly, the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth by the district court in its memorandum dated September 4, 1992. Wiley's request for the appointment of counsel to represent him is hereby denied.