998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Favis Clay MARTIN, Appellant,
v.
UNITED STATES of America, Appellees.
 No. 93-2054.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1993.
Filed: July 20, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Favis Clay Martin appeals the district court's[1] order denying his 28 U.S.C. § 2255 motion to set aside, vacate or correct his sentence. We affirm.
 
 
 2
 In 1970, a Texas court convicted Martin of murder and sentenced him to life in prison. In 1981, a federal jury found Martin guilty of two counts of sending threatening letters through the mail in violation of 18 U.S.C. § 876. The district court sentenced Martin to concurrent five-year prison terms, to run consecutively to the Texas sentence, and we affirmed. Martin v. United States, 691 F.2d 1235, (8th Cir. 1982), cert. denied, 459 U.S. 1211 (1983). In 1983, the district court reduced Martin's sentence to four and one-half years.
 
 
 3
 In 1992, Martin raised six grounds for relief in this section 2255 motion: (1) he has completed his federal sentence, because he was transferred from state prison to the federal prison system in 1983; (2) the district court judge slept through parts of his trial; (3) authorities (presumably, investigating the offense of conviction) illegally seized his typewriter from his prison cell; (4) the court denied him a continuance to retain counsel and allowed the appointed defense attorney to continue to represent him; (5) the court acted out of its jurisdiction when it sent the Texas Parole Board documents that adversely affected Martin's parole eligibility; and (6) federal prison officials have placed an illegal detainer against him, seeking to have him serve a five-year federal sentence consecutively to his state sentence.
 
 
 4
 The district court denied relief without the government's response. Martin objected to the denial of his motion, and the district court overruled those objections. Martin appeals.
 
 
 5
 We conclude the district court properly denied Martin's section 2255 motion. There is no merit to Martin's argument that his federal sentence commenced when he was transferred to a federal prison. Title 18 U.S.C. § 5003 authorizes the U.S. Bureau of Prisons to contract with states to transfer state prisoners into federal custody. After the transfer, Martin continued serving his Texas sentence. Because the district court ordered Martin's federal sentence to run consecutively to the state sentence, and Martin is still serving the Texas sentence, his federal sentence has not yet commenced. Once it does commence, any problem with its execution could be addressed in a 28 U.S.C. § 2241 motion in the custodial district.
 
 
 6
 There is also no merit to Martin's claim that the district court acted beyond its jurisdiction when it sent documents related to Martin's federal conviction to Texas prison officials, and Martin has alleged no facts to support that the judge acted out of bias against him.
 
 
 7
 Martin raised, and we rejected, his continuance claim on direct appeal. Martin, 691 F.2d at 1241. Therefore, section 2255 review of that issue is precluded. See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988) (per curiam).
 
 
 8
 As to Martin's remaining grounds, the district court denied relief because Martin could have raised them on direct appeal and did not do so. A section 2255 motion is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). Grounds which should have been raised on appeal are generally not cognizable in a section 2255 motion. To obtain relief, the movant must show "cause" excusing his default and "actual prejudice" resulting from the errors of which he complains. See id. at 168.
 
 
 9
 Below and on appeal, Martin summarily asserted as cause that his appointed appellate counsel was ineffective because he was insufficiently familiar with the case. To establish ineffective assistance of appellate counsel, a movant must show his counsel's performance fell below an objective standard of reasonableness, and the result of his direct appeal was rendered unreliable or fundamentally unfair by counsel's deficient performance. See Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993). Even assuming that appellate counsel's representation was not objectively reasonable because he was not sufficiently familiar with the case, Martin failed to show that this deficient performance led to an unreliable or unfair result regarding either of the remaining claims. This court stated on direct appeal that Martin "admitted writing the letters and showed [the F.B.I. agent] his typewriter." Martin, 691 F.2d at 1239. Consequently, Martin cannot now claim he was prejudiced because his appellate counsel did not raise on appeal the allegedly illegal seizure of his typewriter. Finally, Martin has not specified any trial error that occurred as a result of the judge's alleged sleeping during parts of his jury trial. Martin has thus not shown how he was prejudiced by counsel's failure to raise this issue on appeal. Martin's motion for appointment of counsel is denied.
 
 
 10
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Senior Judge, United States District Court for the Eastern District of Missouri