998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Angeline ROAN EAGLE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 15, 1993.
Filed: July 20, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Angeline Roan Eagle appeals from the district court's[1] summary dismissal of her 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 On August 6, 1987, a jury convicted appellant of second-degree murder for her role in the killing of Roland Belt at the Pine Ridge Indian Reservation in Oglala, South Dakota, in violation of 18 U.S.C. §§ 1111, 1153. The evidence at trial indicated that Belt and Georgianna Brave had become involved in a verbal dispute at 4:00 a.m. after a night of heavy drinking. The argument escalated into a physical struggle between Belt and Brave. Appellant joined in the fight to help Brave. During a lull in the struggle, Brave went into the kitchen, returned with a butcher knife, stabbed Belt several times in the upper body, and then dropped the knife and returned to the kitchen to wash Belt's blood off of her jacket. Appellant picked up the knife "and began stabbing Belt repeatedly in the chest." United States v. Roan Eagle, 867 F.2d 436, 438-39 (8th Cir.), cert. denied, 490 U.S. 1028 (1989). Belt died as the result of the stab wounds. Id. at 440. The court sentenced appellant to twenty years in prison. We affirmed the conviction. Id. at 438.
 
 
 3
 Appellant subsequently filed this section 2255 motion seeking to have her sentence vacated. As grounds for relief, she alleged that (1) she was too intoxicated at the time of the murder to have the requisite intent; (2) the government failed to prove that the stab wounds she inflicted caused Belt's death; (3) the government failed to prove she intended to harm Belt; (4) the district court violated her Sixth Amendment rights to confrontation and cross-examination by allowing the prosecutor to ask Brave whether she remembered telling the FBI that appellant hit and kicked Belt; and (5) the district court erred by allowing Merril Sherer, the FBI's case agent, to remain seated at counsel table during the trial and to testify, in violation of the court's sequestration order. The district court summarily dismissed the motion. The court observed that the issues appellant raised either could have been advanced on direct appeal and were not or were raised and were resolved against appellant. The court further noted that the evidence at trial (over which the court presided) amply supported the conviction. Therefore, the court denied the motion without an evidentiary hearing. This appeal followed. Appellant reiterates the arguments she raised in the district court.
 
 
 4
 Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, United States v. Frady, 456 U.S. 152, 167-68 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice.
 
 
 5
 See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988) (per curiam). The miscarriage-of-justice exception allows for review of a defaulted claim when a constitutional violation has probably resulted in the conviction of a defendant who is actually innocent. Sawyer v. Whitley, 112 S. Ct. 2514, 2519 n.6 (1992). Grounds one through three and five were not raised on direct appeal. Appellant has not attempted to show cause and prejudice to excuse her default, and she has made no showing of factual innocence. These grounds are therefore procedurally barred from review under section 2255. Ground four was addressed and rejected in appellant's direct appeal. Roan Eagle, 867 F.2d at 442. Thus, it cannot be relitigated under section 2255. Dall v. United States, 957 F.2d 571, 572-73 (8th Cir. 1992) (per curiam).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota