4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Lee CHAMBERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1311.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 E.D.Mich., No. 92-70954; Rosen, J.
 E.D.MICH., 944 F.2d 1253.
 AFFIRMED.
 BEFORE: MERRITT, Chief Judge; BOGGS, Circuit Judge, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie Lee Chambers, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In a 1988 bench trial, Chambers was found guilty of conspiracy with intent to possess and distribute controlled substances, in violation of 21 U.S.C. Secs. 841(a)(1) and 846; and tax evasion, in violation of 26 U.S.C. Sec. 7201 (thirteen co-conspirators, tried jointly by a jury, were convicted of similar offenses). Chambers was sentenced to concurrent terms of 262 months and five years imprisonment. His conviction was affirmed on appeal. See United States v. Chambers, 944 F.2d 1253 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 (1992).
 
 
 3
 In his Sec. 2255 motion, Chambers argued that his conviction should be reversed because of the government's knowing use of perjured testimony at trial; that he is entitled to a new trial because of newly discovered evidence; and that his conviction should be reversed because of ineffective assistance of counsel. The matter was referred to a magistrate judge who issued a report recommending dismissal of the Sec. 2255 motion as meritless. The district court adopted the report and recommendation after reviewing Chambers's objections.
 
 
 4
 On appeal, Chambers reasserts his ineffective assistance of counsel claim and his claim that the government knowingly used perjured testimony of a government informant at trial. He further claims the government engaged in prosecutorial misconduct when: 1) it leaked information about the case to the media in order to secure a grand jury indictment; 2) it drew a picture of the courtroom for Colbert (the government informant) and indicated where the defendants were sitting; and 3) it assisted Colbert in responding to various questions during Colbert's testimony.
 
 
 5
 Initially, we note that Chambers does not raise his claim regarding newly discovered evidence on appeal; therefore, it is considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we affirm the district court's judgment because Chambers has failed to show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 7
 Chambers's claims regarding counsel's failure to call witnesses to establish an alibi and counsel's failure to effectively challenge the use of perjured testimony may be resolved on the issue of prejudice. A petitioner claiming ineffective assistance of counsel must "affirmatively prove prejudice." Strickland v. Washington, 466 U.S. 668, 693 (1984). In order to show that his counsel's deficient performance prejudiced his defense, the petitioner must show that there is a reasonable probability--"a probability sufficient to undermine confidence in the outcome"--that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.
 
 
 8
 As correctly observed by the district court, a mere possibility that the alibi witnesses' testimony could reflect on Colbert's credibility is insufficient to satisfy the "reasonable probability" standard that would serve to undermine the result of Chambers's trial. Further, because Colbert's trial testimony was found to be credible, see Chambers, 944 F.2d at 1263-64, no violation of the Constitution resulted from trial counsel's failure to object to the use of what Chambers refers to as perjured testimony.
 
 
 9
 Finally, Chambers's claim that the government knowingly used perjured testimony is barred because the issue has been fully litigated as part of the appeal process. Id. A federal prisoner may not relitigate in a Sec. 2255 motion to vacate sentence claims that were raised and considered on direct appeal. See United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir.1985) (per curiam). The remaining instances of prosecutorial misconduct are not reviewable because they were not raised for the first time in the district court, and no exceptional circumstances are present that would warrant addressing them now. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 10
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.