9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Adentinji MAKINDE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1428.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 1
 Before: NORRIS and SILER, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Paul Adentinji Makinde, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside or correct his sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On July 19, 1990, a jury convicted Makinde of possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1), and conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. Sec. 846. Makinde was sentenced to 78 months imprisonment. His conviction was affirmed on appeal. See United States v. Makinde, No. 90-2199 (6th Cir.) (per curiam) (unpublished), cert. denied, 112 S.Ct. 403 (1991).
 
 
 4
 In support of his claim for relief under Sec. 2255, Makinde claimed that he received ineffective assistance of both trial and appellate counsel. He further claimed that the repeated reference to his numerous aliases by the Assistant United States Attorney in closing argument constituted prosecutorial misconduct and should have been objected to by trial counsel, and should have been appealed on that basis by appellate counsel. The district court concluded that all of Makinde's claims were meritless and denied the petition in an opinion and order filed January 21, 1993. Makinde's motion for reconsideration was denied in an opinion and order filed March 11, 1993.
 
 
 5
 Upon review, we affirm the order denying Makinde's Sec. 2255 motion as Makinde cannot show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Ferguson, 918 F.2d 627, 639 (6th Cir.1990) (per curiam).
 
 
 6
 First, none of Makinde's alleged instances of inadequate legal representation rises to the level of a constitutional magnitude. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 7
 Second, Makinde's prosecutorial misconduct claim is barred because the issue has been fully litigated as part of the appeal process. See Makinde, No. 90-2199 at 9-12. A federal prisoner may not relitigate in a Sec. 2255 motion to vacate sentence claims that were raised and considered on direct appeal. See United States v. Gaus, 751 F.2d 1506, 1507 (8th Cir.1985) (per curiam).
 
 
 8
 Finally, the district court's decision not to hold an evidentiary hearing was not an abuse of discretion because the record conclusively showed that Makinde was not denied the effective assistance of trial or appellate counsel.
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, U.S. District Judge for the Western District of Kentucky, sitting by designation