24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Roosevelt T. BECTON, Jr., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-1597.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 8, 1994.
Filed: April 15, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roosevelt T. Becton, Jr., appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 In January 1984, Becton was convicted of one count of participation in a continuing criminal enterprise (CCE), two counts of violating the Travel Act, and one count of possession of cocaine. United States v. Becton, 817 F.2d 468, 469 (8th Cir. 1987). We vacated one of the Travel Act convictions and remanded for resentencing, but affirmed the judgment of the district court in all other respects. United States v. Becton, 751 F.2d 250, 254 (8th Cir. 1984), cert. denied, 472 U.S. 1018 (1985). Becton was resentenced and his sentence was affirmed. Becton, 817 F.2d at 469.
 
 
 3
 In September 1990, Becton filed this section 2255 motion alleging, inter alia, numerous sentencing errors and ineffective assistance of counsel. After an evidentiary hearing, the district court denied Becton's motion. Becton now argues that he was denied his Sixth Amendment right to effective assistance of counsel, and that his sentence was erroneously enhanced based upon false allegations of non-cooperation contained in his presentence report (PSR).
 
 
 4
 After carefully reviewing the record, we conclude Becton has failed to show that he was denied effective assistance of counsel. See Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993) (to constitute ineffective assistance of counsel, counsel's representation must fall below an objective standard of reasonableness and counsel's deficient performance must render defendant's trial unreliable or fundamentally unfair).
 
 
 5
 We cannot review Becton's claim that his sentence was improperly enhanced because of false allegations of non-cooperation in the PSR. Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, see United States v. Frady, 456 U.S. 152, 167-68 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. See United States v. Smith, 843 F.2d 1148, 1149 (8th Cir. 1988) (per curiam). Becton procedurally defaulted this claim by failing to raise it on direct appeal, and has neither shown cause and prejudice to excuse his default nor made any showing that the alleged error resulted in a miscarriage of justice.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri